JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
BYRON QUINN-WINNE

**DEFENDANTS**
PA STATE TROOPER CHRISTOPHER FITUSTIN

**(b)** County of Residence of First Listed Plaintiff: CHESTER
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: DELAWARE
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
EARL RAYNOR, ESQ., BOX 101
1500 JFK BLVD., THIRD FL.
PHILA, PA 19103 (215)254-0299

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*     Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. SECTION 1983
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 5/27/2020
SIGNATURE OF ATTORNEY OF RECORD: Earl Raynor Jr.

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 02/19)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**Note:**

**This Designation Form must be <u>signed</u> before submission to the Clerk's Office *or a case number will not be assigned.***

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __OXFORD, PENNSYLVANIA__

Address of Defendant: __MEDIA, PA & HARRISBURG, PA__

Place of Accident, Incident or Transaction: __I-95 SOUTH DELAWARE COUNTY, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __5/27/2020__   _Earl Raynor_ (Attorney-at-Law / Pro Se Plaintiff)   __66849__ (Attorney I.D. # (if applicable))

---

**CIVIL: (Place a √ in one category only)**

A. *Federal Question Cases:*
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. ☑ Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    *(Please specify): _____*

B. *Diversity Jurisdiction Cases:*
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify):* _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
   *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __EARL RAYNOR__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __5/27/2020__   _Earl Raynor_ (Attorney-at-Law / Pro Se Plaintiff)   __66849__ (Attorney I.D. # (if applicable))

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

BYRON QUINN-WINNE : CIVIL ACTION
:
v. :
:
COMMONWEALTH OF PA : NO.
ET AL :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                 ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                             ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                 (✓)

5/27/2020        EARL RAYNOR ESQ.          BYRON QUINN-WINNE
**Date**         **Attorney-at-law**       **Attorney for**

(215) 254-0299   (914) 663-5116            earlraynor@yahoo.com
**Telephone**    **FAX Number**            **E-Mail Address**

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THEUNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT COURT OF PENNSYLVANIA

_____
BYRON QUINN WINNE,                              :
    Plaintiff                                              :
                                                                :   CIVIL ACTION
                                                                :
    v.                                                        :
                                                                :
COMMONWEALTH OF PENNSYLVANIA     :
    &                                                        :
PENNSYLVANIA STATE TROOPER              :
CHRISTOPHER F. TUSTIN                           :
    &                                                        :
POLICE COMMISSIONER ROBERT EVANCHICK     :

## COMPLAINT

## PRELIMINARY STATEMENT

1.   This is a civil rights action brought under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, specifically brought under 42 U.S.C. Section 1983 and raising supplemental state law claims concerning the actions of defendant Pennsylvania Christopher F. Tautin in detaining and searching, the Plaintiff, Byron Quinn Winne, without reasonable suspicion that criminal activity was afoot and articulable suspicion that Plaintiff was armed and dangerous, then arresting Plaintiff and subjecting him to a DUI blood test without probable cause, without charging him with a crime.   The actions and conduct of Defendant Tautin are result of a policy, practice, custom and deliberate indifference on the part of the Commonwealth of Pennsylvania and Pennsylvania State Police Commissioner Robert Evanchick.

**JURISDICTION**

2.   This Court has jurisdiction over the subject matter of the pursuant to 28 U.S.C. Section 1331, 1332, 1343(a)(3), 1343(a)(4) and 1367(a), and venue is properly set in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. Section 1391.

3.   The causes of action alleged herein arise from factual allegations occurring in this judicial district.

4.   On information and belief, it is alleged that each of the named Defendants resides in Pennsylvania.

**PARTIES**

5.   The Plaintiff, Byron Quinn Winne, is a resident of Oxford, Chester County, Pennsylvania.

6.   The Defendant, Pennsylvania State Trooper Christopher F. Tustin, is a citizen and resident of Delaware County, Pennsylvania, acting in his capacity as a Pennsylvania State Trooper employed by the Commonwealth of Pennsylvania and was at all times acting under color of state law.   He is sued in his individual capacity.

7.   The Defendant, Police Commissioner Robert Evanchick, is a citizen and resident of Dauphin County, Pennsylvania, and is employed by the Commonwealth of Pennsylvania, who was the Pennsylvania State Police Commissioner at the time of the incident underlying the *case sub judice*, and at all times relevant acted under color of state law.   He is sued in his individual capacity.

-2-

8. The Commonwealth of Pennsylvania owns, operates, manages, directs and controls the Pennsylvania State Police, which employs Defendants, Trooper Christopher F. Tustin and Commissioner Robert Evanchick.

9. The Commonwealth of Pennsylvania established or delegated to the Defendant, Police Commissioner Robert Evanchick, the responsibility for establishing the implementation of policies, the practices, procedures, or customs used by state troopers employed by the Commonwealth of Pennsylvania, including Defendant Pennsylvania State Trooper Christopher F. Tustin, regarding the determination of reasonable suspicion to detain criminal suspects and probable cause for arrest.

10. Each and all of the acts of the individual Defendants involved in this incident performed under the color and pretense of the Constitution, statutes ordinances, regulations, customs and uses of the United States of America, Commonwealth of Pennsylvania,, were under the color of law and by virtue of their authority as law enforcement officers in the course and scope of their employment with the Pennsylvania State Police.

**FACTUAL ALLEGATIONS**

*Procedural History of Criminal Case*

11. Sometime on May 28, 2018, the Plaintiff, Byron Quinn Winne, was traveling southbound on I-95 in Delaware County, Pennsylvania when he was subjected to a traffic stop by Defendant, Pennsylvania State Trooper, Christopher F. Tustin.

12. Trooper Tustin asked Plaintiff for his driver's license, car registration and car insurance, which he provided.

13. Trooper Tustin then ordered Plaintiff out of the vehicle and patted him down, which yielded negative results.

14. Trooper Tustin then called for a backup K-9 unit which proceeded to search Plaintiff's vehicle.

15. The vehicle search yielded negative results for narcotics, firearms or some other contraband.

16. Following the search, without conducting a field sobriety test, Trooper Tustin placed Plaintiff in handcuffs and had him transported to Riddle Hospital for a DUI blood test.

17. Plaintiff was detained at the hospital for several hours, then released after the blood test.

18. Despite being detained, searched and arrested, then subjected to a DUI blood test, Plaintiff was never formally charged with a crime.

19. There was clearly no legal cause to justify the detention and arrest of f Plaintiff.

20. To the extent that there was legal cause to support the stop, detention and/or arrest of Plaintiff, the Defendant, Pennsylvania State Trooper Christopher F. Tustin, failed to take reasonable steps to investigate and pursue information that would have indisputably negated any such legal cause.

21. At all times relevant to this Complaint, the conduct of Defendant Tustin and was in willful, reckless and callous disregard of Plaintiff's rights under federal and state law.

22. The deliberate indifference displayed by Defendant Tustin in violating Plaintiff's constitutional right to not be arrested without probable cause, stemmed from the failure of Defendant, Pennsylvania State Police Commissioner Robert Evanchick  as the principle policymaker and implementer of practices, procedures and customs used by Pennsylvania State Police, to provide adequate training of Pennsylvania State Troopers.

23. As a direct and proximate result of the conduct of all defendants, Plaintiff suffered substantial damages, including physical and psychological harm, some or all of which may be permanent.

## CAUSES OF ACTION

### Count I

**(Civil Rights Action [42 U.S.C. Section 1983]) Unreasonable Detention, False Arrest and False Imprisonment against Defendant Pennsylvania State Trooper Christopher F. Tustin.**

24. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-59.

25. 42 U.S.C. Section 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state of territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

26. Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. Section 1983, Defendant Pennsylvania State at all times relevant hereto, was acting under the color of state law in his capacity as Trooper with the Pennsylvania State Police, on behalf of Defendant Commonwealth of Pennsylvania, and his acts or omissions were conducted within the scope of their official duties or employment.

27. At the time of the complained events, Plaintiff had the clearly established constitutional right to be free from detention, arrest and imprisonment without reasonable suspicion and probable cause under the Fourth Amendment and in violation of due process under the Fourteenth Amendment.

28. Any reasonable Pennsylvania State Police Trooper knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time.

29. Defendant Christopher F. Tustin violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable detention, false arrest and false imprisonment without probable cause and without due process, when he inexplicably subjected Plaintiff to a vehicle stop without reasonable suspicion that criminal activity was afoot or articulable suspicion that he was armed and dangerous, searched his vehicle without probable cause, then arrested and subjected Plaintiff to a DUI blood test without probable cause.

30. Defendant Christopher F. Tustin engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's protected constitutional rights.

31. The detention and arrest of Plaintiff was malicious, shocking, and objectively unreasonable in the light of the circumstances.

32. The acts or omissions of Defendant Christopher F. Tustin was the moving force behind Plaintiff's injuries.

33. The acts or omissions of Defendant Christopher F. Tustin described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

34. Defendant Christopher Tustin is not entitled to qualified immunity for the complained of conduct.

35. Plaintiff was subject to humiliation, fear, and pain and suffering by the illegal acts of Defendant Christopher F. Tustin, and suffered injuries as a result of their actions.

36. Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. Section 1988, and all applicable law, and such additional relief as the Court deems just.

## COUNT II

**(Civil Rights Action (42 U.S.C. Section 1983) - Deliberately Indifferent Policies, Practices, Customs, Training and Supervision in violation of the Fourth and Fourteenth Amendments and in violation of 42 U.S.C. Section 1981 against Defendants Police Commissioner Robert Evanchick and Commonwealth of Pennsylvania**

37. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-36.

38. 42 U.S.C. Section 1983 provides that:

> Every person, who under color of any statute ordinance, regulation, custom usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in action at law, suit in equity, or other appropriate proceeding for redress . . . .

39. Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. Section 1983.

40. Defendants to this claim at all times were acting under the color of state law.

41. Plaintiff had the following clearly established rights at the time of the complained of conduct.

    A. The right to be free from malicious prosecution under the Fourth Amendment and Fourteenth Amendments to the United States Constitution.

    B. The right to be free from discrimination by police under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and under 42 U.S.C. Section 1981.

42. Defendant, Police Commissioner Robert Evanchick and Commonwealth of Pennsylvania knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

43. The acts or omissions of these Defendants, as described herein, deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

44. Defendants are not entitled to qualified immunity for the complained of conduct.

45. Defendant Commissioner Evanchick was at all times the policymaker for the Commonwealth of Pennsylvania and Pennsylvania State Police and in that capacity established policies, procedures, customs, and or practices for the same.

46. Commissioner Evanchick developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were the moving forces behind and proximately caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

47. Defendants Evanchick and Commonwealth of Pennsylvania have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

48. In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

49. The deliberately indifferent training and supervision provided by Defendants Evanchick and Commonwealth of Pennsylvania resulted in a conscious or deliberate choice to follow a course of action from among various alternatives available to the aforementioned Defendants and were the moving forces in the constitutional and federal violations and injuries complained of by Plaintiff.

50. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered emotional injury and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

51. On information and belief, Plaintiff may suffer lost future earnings and impaired earning capacities from the public stigma accruing from such a high profile publicized case, in amounts to be ascertained at trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. Section 1988, pre-judgment interest and costs as allowable by federal law.

52. Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. Section 1983 to redress Defendants' above described ongoing deliberate indifference in policies, practice, habits, customs, usages, training and supervision with respect to the rights described herein, which Defendants have no intention for voluntarily correcting despite obvious need and requests for such correction.

## COUNT III

**Intentional Infliction of Emotional Distress against Defendants
Pennsylvania State Trooper Christopher F. Tustin**

54. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-53.

55. By engaging in the acts herein alleged, Defendant Pennsylvania State Trooper Christopher F. Tustin, engaged in outrageous conduct with an intent to or a reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

-11-

56. As a direct, proximate and foreseeable result, Plaintiff suffered severe emotional distress and the outrageous conduct was the cause of the emotional trauma suffered by Plaintiff.

57. The conduct of Defendants also amounts to oppression, fraud or malice and punitive damages should be assessed against Defendants for the purpose of punishment and for the sake of example.

**WHEREFORE**, Plaintiff respectfully requests

    A.    Compensatory damages as to all defendants;

    B.    Punitive Damages as to Defendant Christopher F. Tustin

    C.    Reasonable attorney's fees and costs as to all Defendants;

    D.    Such other and further relief as may appear just and appropriate.

Plaintiff hereby demands a jury trial.

Respectfully submitted:

_____/s/ Earl Raynor_____
Earl Raynor, Esquire
PA State Supreme Court No. 66849
1800 JFK Boulevard
Third Floor, Box 103
Philadelphia, PA 19103
(215)254-0299
FAX: (914)663-5116
earlraynor@yahoo.com

Counsel for Plaintiff
Earl Raynor, Esquire