**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BYRON QUINN-WINNE, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 20-2493 |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA; TROOPER | : | |
| CHRISTOPHER F. TUSTIN; | : | |
| COMMISSIONER ROBERT | : | |
| EVANCHICK, | : | |
| Defendants. | : | |

## ORDER

AND NOW, this _____ day of _____, 20___, upon consideration of the

Motion of defendants Commonwealth of Pennsylvania and Commissioner Evanchick to dismiss

and of defendant Trooper Tustin to partially dismiss the plaintiff's Complaint, it is hereby

ORDERED that the Motion is GRANTED.  It is FURTHER ORDERED as follows:

1.      Defendant Commonwealth of Pennsylvania is entitled to Eleventh Amendment

immunity and is DISMISSED with prejudice as a party;

2.      Count II of the Complaint is DISMISSED with prejudice; and

3.      Count III of the Complaint is DISMISSED with/without prejudice.

**BY THE COURT:**

_____
HON. MICHAEL BAYLSON

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BYRON QUINN-WINNE, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 20-2493 |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA; TROOPER | : | |
| CHRISTOPHER F. TUSTIN; | : | |
| COMMISSIONER ROBERT | : | |
| EVANCHICK, | : | |
| Defendants. | : | |

### <u>DEFENDANTS' MOTION TO DISMISS COMPLAINT</u>

Defendants Commonwealth of Pennsylvania and Police Commissioner Robert

Evanchick, pursuant to Fed. R. Civ. P. 12 (b)(1) and (b)(6), hereby move to dismiss Plaintiff's

Complaint as against them for the reasons stated in the accompanying memorandum of law.

Defendant Trooper Christopher F. Tustin, pursuant to Fed. R. Civ. P. 12 (b)(6), hereby moves to

dismiss Count III of the Complaint, as explained in the same memorandum of law.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

Date: November 10, 2021          By:   */s/ Matthew Skolnik*

Office of Attorney General                    Matthew Skolnik
1600 Arch Street, Suite 300                   Deputy Attorney General
Philadelphia, PA 19103                        Attorney I.D. No. 89423
Phone: (215) 560-2136
Fax:    (717) 772-4526                         Karen M. Romano
mskolnik@attorneygeneral.gov                   Chief Deputy Attorney General
                                               Civil Litigation Section

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BYRON QUINN-WINNE, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 20-2493 |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA; TROOPER | : | |
| CHRISTOPHER F. TUSTIN; | : | |
| COMMISSIONER ROBERT | : | |
| EVANCHICK, | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Defendants Commonwealth of Pennsylvania, Police Commissioner Evanchick, and Trooper Christopher F. Tustin[1] respectfully submit this memorandum of law in support of their motion to dismiss plaintiff Byron Quinn-Winne's Complaint.

## I.    INTRODUCTION

This could have been a straightforward false arrest action, arising out of a decision by one state trooper which the plaintiff *agrees* with: defendant Trooper Tustin exercising his law enforcement judgment to <u>not</u> charge Mr. Quinn-Winne with a crime after an investigatory traffic stop. Although Plaintiff does challenge Trooper Tustin's basis for detaining and testing Quinn-Winne for DUI, at most this states a plausible claim for false arrest (Count I of the Complaint), which is not the subject of the instant motion, rather than the current, wide-ranging lawsuit seemingly challenging the entirety of the Commonwealth's policies and procedures for traffic stops as well as the Police Commissioner's training and supervision (Count II). The latter claims are not permitted under the Eleventh Amendment and longstanding Supreme Court precedent.

---

[1] Defendant Tustin will file an answer with affirmative defenses to Count I of the Complaint.

Further, Trooper Tustin is entitled to sovereign immunity under Pennsylvania law from Plaintiff's intentional tort claim (Count III).

## II.   ALLEGED FACTS

On May 28, 2018, plaintiff Quinn-Winne was "traveling southbound on I-95" when his vehicle was stopped by defendant Trooper Tustin, who was on duty with the Pennsylvania State Police at the time.[2] Compl., ¶¶ 11-12; *see also* ¶ 10 ("in the course and scope of [his] employment with the Pennsylvania State Police"). Trooper Tustin ordered Plaintiff out of his vehicle, patted him down, and called for a backup K-9 unit. *Id.*, ¶¶ 13-14. Neither Trooper Tustin nor the K-9 unit found any contraband on the plaintiff or in his vehicle. *Id.*, ¶¶ 13-15.

"[W]ithout conducting a field sobriety test, Trooper Tustin placed Plaintiff in handcuffs and had him transported to Riddle Hospital for a DUI blood test." *Id.*, ¶ 16. Plaintiff was "detained at the hospital for several hours, then released after the blood test" and was not charged with a crime in relation to the May 28, 2018 traffic stop. *Id.*, ¶¶ 17-18. It is unclear from the face of the Complaint what the results of the blood test were or if they were even conclusive, but apparently they were insufficient to charge Plaintiff with DUI. *Compare id.*, ¶ 16 *with* ¶ 18.

## III.   STANDARD OF REVIEW

### A.   Rule 12(b)(1), Lack of Subject Matter Jurisdiction

A Rule 12(b)(1) motion is the proper mechanism for raising the issue of whether Eleventh Amendment immunity bars federal jurisdiction. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)) (Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction). When a motion to dismiss is based on lack of subject

---

[2] For unknown reasons, the Complaint never actually states that the plaintiff was driving the vehicle which was stopped, although this is strongly implied by, *inter alia*, paragraphs 11-16.

matter jurisdiction in addition to other defenses, "[a]n actual determination must be made whether subject matter jurisdiction exists before a court may turn to the merits of the case." *Tagayun v. Stolzenberg*, 239 Fed. Appx. 708, 710 (3d Cir. 2007). When a defendant challenges subject matter jurisdiction, in response the plaintiff must show that the case is properly before the court. *See Kehr Packages, Inc. v. Fidelcor*, 926 F.2d 1406, 1409 (3d Cir. 1991).

### B.       Rule 12(b)(6), Failure to state a claim

Under Fed. R. Civ. P. 12(b)(6), following the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), pleadings standards in federal court have shifted from simple notice pleading to a more heightened form of pleading that requires a plaintiff to plead more than the possibility of relief to survive a motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009); *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008).

It is "no longer sufficient to allege mere elements of a cause of action; instead a complaint must allege facts suggestive of the proscribed conduct." *Id.* at 233 (citing *Twombly*) (cleaned up). Thus, when presented with a motion to dismiss for failure to state a claim, the district court should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The court accepts the complaint's well-pleaded facts as true but should disregard legal conclusions. *Iqbal*, 556 U.S. at 678-79.  Second, the court determines whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.*  A complaint must do more than allege the plaintiff's entitlement to relief; it must "show" such an entitlement with its facts. *Id.*; *see Phillips*, 515 F.3d at 234-35; *Santiago v. Warminster Twp.*, 629 F. 3d 121, 130 (3d Cir. 2010)  In ruling on a motion to dismiss under Rule 12(b)(6), a court should "draw on its judicial experience and common sense" and dismiss

claims where the facts merely suggest a possibility of liability, rather than "plausibly establish" it. *Iqbal*, 129 S.Ct. at 1950-51.

## IV.    ARGUMENT

### A.    The Eleventh Amendment bars Plaintiff's claim against the Commonwealth.

The Court lacks subject matter jurisdiction over *any* claim against the Commonwealth for alleged violations of the Fourth and Fourteenth Amendments as well as the Sections 1981 and 1983 claims contained in Count II. Absent consent by the State, the Eleventh Amendment[3] bars suits in federal court by a private party against states, state agencies and state officials in their official capacities. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-70 (1997); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst*, 465 U.S. at 100-01. Eleventh Amendment immunity protects a state from suit regardless of whether the plaintiff is a citizen of that state. *Id.* at 100. The bar extends to suits against departments or agencies of the state having no existence apart from the state. *Laskaris v. Thornburgh*, 661 F. 2d 23, 25 (3d Cir. 1981). As when the state itself is named as the defendant, the Eleventh Amendment bars a suit against a state agency or official in his official capacity – regardless of whether the requested relief is monetary, injunctive or declaratory where the state is the real party in interest. *Coeur d'Alene Tribe*, 521 U.S. at 270; *Seminole Tribe*, 517 U.S. at 58; *Pennhurst*, 465 U.S. at 101-02; *Edelman v. Jordan*, 415 U.S. 651, 663, 667 (1974).

A state may consent to be sued in federal court, *Kimel v. Fla. Bd. of Regents,* 528 U.S. 62, 72-73 (2000), but such consent must be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99. On the contrary, Pennsylvania has withheld consent to lawsuits brought under 42 U.S.C. §§ 1981 and 1983. *See* 42 Pa. C.S. § 8521(b); *Laskaris*, 661 F. 2d at 25. Neither supplemental

---

[3] The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

jurisdiction nor any other basis of jurisdiction overrides the bar. *Pennhurst*, 465 U.S. at 121. As against the Commonwealth, its agencies or state officials in their official capacities, Congress has not abrogated Eleventh Amendment immunity for § 1983 claims. *See Quern v. Jordan*, 440 U.S. 332, 341-42 (1979).

Plaintiff sues the Commonwealth (Complaint, ¶ 8), a sovereign governmental unit. *See* 71 P.S. §§ 61, 62, 732-102, 732-201. None of the exceptions to Eleventh Amendment immunity apply to this case. Section 1983 does not abrogate immunity and the Commonwealth has not waived immunity or consented to this action. Moreover, there is no private right of action for damages against state actors under 42 U.S.C. § 1981, which only applies to private actors. *Jett v. Dallas Indep. Sch. Dist*., 491 U.S. 701, 731-35 (1989); *McGovern v. City of Phila*., 554 F.3d 114, 116, 120-21 (3d Cir. 2009) (holding that the 1991 amendment of § 1981 did not overrule *Jett*); *Ford v. SEPTA*, 374 Fed. Appx. 325, 326 (3d Cir. 2010).

Therefore, Plaintiff's causes of action against the Commonwealth in Count II must be dismissed with prejudice, for lack of subject matter jurisdiction.

**B.      The Commonwealth is not a "Person" amenable to suit under § 1983.**

Separate and apart from Eleventh Amendment immunity, the § 1983 claim contained in Count II against the Commonwealth for alleged violations of the Fourth and Fourteenth Amendments fails to state a plausible claim because the Commonwealth is not a "person" amenable to suit thereunder. Section 1983 provides:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (emphasis added).

5

The Supreme Court has held that states, state agencies and state employees in their official capacities are not considered "person[s]" amenable to suit for damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 69-71 (1989). Thus, the § 1983 claim against the Commonwealth of Pennsylvania (part of Count II) is barred as a matter of law.

C.    **There can be no *Monell* claim against Commissioner Evanchick or the Commonwealth, nor any *respondeat superior* liability.**

In Count II of the Complaint, Plaintiff sues Pennsylvania State Police Commissioner Evanchick and the Commonwealth for "Deliberately indifferent policies, practices, customs, training and supervision in violation of the Fourth and Fourteenth Amendments and . . . Section 1981." (*Id.* at p. 8.)  Plaintiff's liberal use of language in Count II concerning "policies, procedures, customs" (*see id.*, ¶¶ 45, 46, 47, 52) and an alleged failure to train or supervise signals that he is attempting to pursue a *Monell* claim against these two defendants.

In *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978) the Supreme Court held that a **municipality** may be held liable where its "policy" or "custom" is the moving force behind a constitutional violation.  Later, in *Canton v. Harris*, 489 U.S. 378, 388-89 (1989), the Supreme Court held that municipal liability may be based on supervisory officials' "failure to train" where the lack of training results in constitutional right violations. However, at least one court has explained that the principles announced in *Monell* and *Canton* do not apply where the supervisory defendant is a state employee. *See* Compl., ¶ 7. "Although *municipal* officials may be subject to Section 1983 liability under *Monell* where their execution of a government policy or custom inflicts constitutional injury, or under the "failure to train" theory adopted in *Canton*, the same is not true for state officials" in general. *Thomas v. Barkley*, C.A. No. 13-0551, 2013 WL 4786124, at *5 (W.D. Pa. Sept. 6, 2013) (citing *Will*, 491 U.S. at 71; *O'Hara v. Indiana Univ. of Pa.*, 171 F. Supp. 490, 499 (W.D. Pa. 2001)) (emphasis in *Thomas*); *see also Rode v.*

6

*Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (holding that a § 1983 defendant "must have personal involvement in the alleged wrongs"). Defendants acknowledge that at least one court in the Eastern District has declined to apply the reasoning of *Thomas* and *O'Hara* where the state officials were sued in their individual capacities, which is the case here. *See Diaz v. Rucker*, C.A. No. 16-0205, 2016 WL 8735711, at *5 n.7 (E.D. Pa. July 29, 2016).

Regardless of whether Commissioner Evanchick theoretically can be sued in his individual capacity under a *Monell*-like theory for a subordinate's alleged constitutional violations, here he has been sued solely as an agency head under a *respondeat superior* theory – *see* Compl., ¶ 45 ("the policymaker") – which is not permissible. *See Iqbal*, 556 U.S. at 676-77 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"). A supervisor can be held liable for the acts of a subordinate only if she knows that the subordinate is violating someone's rights <u>and</u> fails to act to stop the subordinate from doing so. *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293-94 (3d Cir. 1997); *see Montgomery v. De Simone*, 159 F.3d 120, 127 (3d Cir. 1998) (holding that a supervisor may not be held liable for a subordinate's alleged constitutional violations unless "the plaintiff can show <u>both</u> contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents <u>and</u> circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate.") (emphasis added).

No such allegation exists in the Complaint. Instead, Plaintiff merely alleges that the Commissioner knew of citizens' "clearly established" Fourth and Fourteenth Amendment rights. *See* Compl., ¶¶ 41-42. Such generalized knowledge has nothing to do with whether Plaintiff can establish if Commissioner Evanchick knew Trooper Tustin was violating Quinn-Winne's rights

on May 28, 2018 and whether the Commissioner failed to stop the Trooper from doing so. *See Robinson*, 120 F.3d at 1293-94. Further, it is well-established that a supervisory official has no affirmative duty under Section 1983 to take action against an offending subordinate after the fact. *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986). Given that liability under § 1983 cannot be predicated on the operation of *respondeat superior*, Plaintiff's civil rights claims against Commissioner Evanchick should be dismissed *even if* they are not barred due to the lack of a municipal defendant.

Moreover, in *Will* the Supreme Court explained that Section 1983 "does not provide a federal forum for litigants who seek a remedy <u>against</u> a <u>State</u> for alleged deprivations of civil liberties." *Will*, 491 U.S. at 66 (emphasis added). Thus, the Commonwealth is not a proper defendant to this action and must be dismissed with prejudice (if not dismissed pursuant to Section IV.A or B, *supra*).

In sum, under all of the above authority, Plaintiff fails to state a plausible claim against Commissioner Evanchick and the Commonwealth.

### D. Trooper Tustin is entitled to Sovereign Immunity from Count III.

The doctrine of sovereign immunity bars state law claims against officials and employees of the Commonwealth acting within the scope of their duties. 1 Pa. C.S.A. § 2310; *accord* 42 Pa. C.S.A. §§ 8521-8522. Count III of the Complaint, for intentional infliction of emotional distress, is one such claim.

Pennsylvania's General Assembly has waived sovereign immunity in only ten specified instances "arising out of a negligent act." 42 Pa. C.S. § 8522.[4] These exceptions to sovereign

---

[4] These instances are (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines;

immunity are to be narrowly construed in favor of granting immunity to Commonwealth officials. *Dean v. Commw., Dep't of Transp.*, 751 A.2d 1130, 1134 (Pa. 2000). "Unless sovereign immunity has been *specifically* waived, the legislature intends that it remain in effect." *Poliskiewicz v. East Stroudsburg Univ.*, 536 A.2d 472, 475 (Pa. Commw. Ct. 1988); *see also Chittister v. Dep't of Cmty. & Econ. Dev.*, 226 F.3d 223, 227 (3d Cir. 2000) (acknowledging that, with the exception of the claims listed in § 8522, "the Commonwealth's immunity is otherwise intact"). Unlike immunity for local agency officials, "willful misconduct does not vitiate a Commonwealth employee's immunity." *Holt v. N.W. Pa. Training P'ship Consortium, Inc.*, 694 A.2d 1134, 1140 (Pa. Commw. 1997).

Sovereign immunity includes intentional torts such as intentional infliction of emotional distress. *See Sarin v. Magee*, 333 F. Supp. 3d 475, 481 (E.D. Pa. 2018) (sovereign immunity on intentional infliction of emotional distress claim); *L. v. Boyertown Area Sch. Dist.*, C.A. No. 08-5194, 2009 WL 1911621, at *5 (E.D. Pa. July 1, 2009) (dismissing malicious prosecution claim); *McCoy v. SEPTA*, C.A. No. 01-5881, 2002 WL 376913, at *2 (E.D. Pa. Mar. 1, 2002) (dismissing claim for intentional infliction of emotional distress).

An on-duty state trooper investigating a possible crime and filing charging papers is within the scope of employment. *See Mitchell v. Luckenbill*, 680 F. Supp. 2d 672, 683 (M.D. Pa. 2010). Here, "[E]ven debatable acts or acts contrary to policy, if done in furtherance of [the] employer's interest, do not exceed the employee's scope of employment." *Kull v. Guisse*, 81 A.3d 148, 158 (Pa. Commw. Ct. 2013). Although scope of employment is usually a jury question, "where neither the facts nor the inferences to be drawn from them are in dispute," the

---

and, effective November 26, 2019, (10) sexual abuse "if the injuries to the plaintiff were caused by actions or omissions of the Commonwealth party which constitute negligence." *Id.*

court may decide scope of employment as a matter of law. *Justice v. Lombardo*, 208 A.3d 1057, 1067-68 (Pa. 2019); *see* Restatement (Second) of Agency § 228 (1958).

There can be no dispute that Plaintiff here has not brought a negligence claim that fits into any of the narrow statutory exceptions for sovereign immunity. *See* footnote 4, *supra*. Thus, Plaintiff must show that Trooper Tustin's investigation was not "of the kind he is employed to perform," did not occur "substantially within the authorized time and space limit" and was not "actuated, at least in part, by a purpose to serve the master." *See Brumfield v. Sanders*, 232 F.3d 376, 380 (3d Cir. 2000). There is no allegation – nor could there be, under these facts – that Trooper Tustin was acting outside of the scope of his employment.  The present Complaint makes this determination even simpler, if not one which has already been determined: *as the plaintiff himself admits*, at all material times Trooper Tustin was acting "**in the course and scope of their employment** with the Pennsylvania State Police." Compl., ¶ 10 (emphasis added). Trooper Tustin was on duty on May 28, 2018, when he pulled over the plaintiff's vehicle. *Id.*, ¶¶ 11-12. Trooper Tustin called for and received backup assistance including a K-9 unit – clearly something which does not occur outside of the on-duty law enforcement context. *See id.*, ¶ 14.

As a necessary consequence of Trooper Tustin acting within the scope of his employment, coupled with the fact that sovereign immunity under Pennsylvania law includes claims for intentional infliction of emotional distress, Count III of the Complaint must be dismissed.

### E.    In the alternative, Count III fails to state a plausible claim.

Defendant Tustin respectfully submits that if this Court agrees he is entitled to sovereign immunity from Plaintiff's intentional infliction of emotional distress claim as explained above, the dismissal should be with prejudice.  *In the alternative*, Count III may be dismissed without

prejudice due to Plaintiff's pleading being entirely conclusory and his failure to comply with Rule 8 pleading standards.

"Under Pennsylvania law, a claim for intentional infliction of emotional distress requires a plaintiff to establish the following elements: '(1) the conduct must be extreme or outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe.'" *Rosembert v. Borough of E. Lansdowne*, 14 F. Supp. 3d 631, 645 (E.D. Pa. 2014) (quoting *Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265, 1273 (3d Cir. 1979)). "A plaintiff must also allege physical manifestations of the distress." *M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist.*, 43 F. Supp. 3d 412, 430 (M.D. Pa. 2014) (citing *Reeves v. Middletown Athletic Ass'n*, 866 A.2d 1115, 1122 (Pa. Super. Ct. 2004)). Pennsylvania courts have defined "extreme and outrageous conduct" as conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Hoy v. Angelone*, 720 A.2d 745, 754 (Pa. 1998) (citing state law).

Nothing remotely meeting the above standards – even assuming all factual allegations of the Complaint to be true, as we must – has been pleaded by the plaintiff. On the contrary, Plaintiff has alleged an entirely non-forceful traffic stop by Trooper Tustin followed by a relatively short (measured in hours, not a day or night) hospital detention. Although Plaintiff alleges "emotional trauma" (Compl., ¶ 56), this allegation is unsupported and entirely conclusory in nature. As the Third Circuit has explained repeatedly since the Supreme Court's *Iqbal* and *Twombly* decisions, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*." Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Plaintiff's

Complaint offers nothing more than this in Count III, which must be dismissed. Moreover, the lack of any criminal charges seemingly would obviate whatever distress Quinn-Winne would have been under, had the encounter resulted in criminal charges or otherwise ended differently. Therefore, Count III fails to state a plausible claim.

## V.      CONCLUSION

For the foregoing reasons, defendants Commonwealth of Pennsylvania, Police Commissioner Evanchick, and Trooper Christopher F. Tustin respectfully request that this Court grant their Motion to Dismiss the Complaint, in the form of Order appended hereto.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

Date: November 10, 2021            By:     */s/ Matthew Skolnik*
_____

Matthew Skolnik
Office of Attorney General          Deputy Attorney General
1600 Arch Street, Suite 300          Attorney I.D. No. 89423
Philadelphia, PA 19103
Phone: (215) 560-2136            Karen M. Romano
Fax:    (717) 772-4526            Chief Deputy Attorney General
mskolnik@attorneygeneral.gov         Civil Litigation Section

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I, Matthew Skolnik, hereby certify that the foregoing Defendants' Motion to Dismiss Complaint with Memorandum of Law has been filed electronically on this date and is available for viewing and downloading from the Court's Electronic Case Filing system by all counsel of record.

Date: November 10, 2021          By:   _/s/ Matthew Skolnik_
                                       Matthew Skolnik
                                       Deputy Attorney General