# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BYRON QUINN-WINNE** <br><br> v. <br><br> **COMMONWEALTH OF PENNSYLVANIA et al.** | **CIVIL ACTION** <br><br> **NO. 20-2493** |

## MEMORANDUM RE: DEFENDANTS' MOTION TO DISMISS

**Baylson, J.**                                                                                                                          **March 14, 2022**

Defendants Commonwealth of Pennsylvania, State Trooper Christopher F. Tustin, and State Police Commissioner Robert Evanchick have filed a Motion to Dismiss (ECF 10) in this case arising from the search and arrest of Plaintiff Byron Quinn-Winne.[1]  Plaintiff alleges that Defendants violated his constitutional rights and intentionally inflicted emotional distress upon him.  Defendants seek dismissal of all claims against the Commonwealth and Commissioner Evanchick, as well as of Plaintiff's state law tort claim against Trooper Tustin.

## I. Background and Factual Allegations

As alleged by Plaintiff, the events giving rise to this case are as follows.  On May 28, 2018, Quinn-Winne was stopped by Trooper Tustin while driving in Delaware County, Pennsylvania.  (Am. Compl. ¶ 11.)  Trooper Tustin ordered Quinn-Winne out of the vehicle and patted him down, finding no contraband.  (Am. Compl. ¶ 13.)  Trooper Tustin then called for a K-9 unit, which searched Quinn-Winne's car and found no contraband.  (Am. Compl. ¶¶ 14–15.)  Following the search, Trooper Tustin handcuffed Quinn-Winne and transported him to Riddle Hospital, where he was administered a blood test to determine if he had been driving under the influence of alcohol.

---

[1] The Court notes that Plaintiff is variously referred to in the filings in this case as both "Byron Quinn Winne" and "Byron Quinn-Winne."

1

(Am. Compl. ¶ 16.) Quinn-Winne was detained for several hours at the hospital during this time. (Am. Compl. ¶ 17.) He was then released and was not charged with any offense. (Am. Compl. ¶ 18.)

Plaintiff filed suit (ECF 11), bringing claims against Trooper Tustin in his individual capacity for violating his Fourth and Fourteenth Amendment rights (Count I). Plaintiff also brings a state law tort claim against Trooper Tustin for intentional infliction of emotional distress (Count III). Plaintiff contends that his stop, search, arrest and detention by Trooper Tustin were unlawful and that he has suffered severe emotional distress as a result. (Am. Compl. ¶¶ 5–7, 11–12.)

Plaintiff also brings claims against Commissioner Evanchick in his individual capacity and against the Commonwealth of Pennsylvania for violating his Fourth and Fourteenth Amendment rights (Count II). Plaintiff argues that Trooper Tustin's alleged wrongful actions can be traced to Commissioner Evanchick and the Commonwealth's deliberate indifference to constitutional rights. (Am. Compl. ¶¶ 8–10.)

Defendants filed a Motion to Dismiss, seeking dismissal of Counts II and III. Defendants have not challenged, at this stage, Count I against Trooper Tustin for allegedly violating Quinn-Winne's constitutional rights. Plaintiff filed a Response (ECF 11).

## II. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir.2002). To survive the motion, a plaintiff must "plead 'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for misconduct alleged.'" Warren Gen.

Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009)). Importantly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### III.   Discussion

#### a.   Claims Against Commonwealth of Pennsylvania

Under the Eleventh Amendment to the United States Constitution, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Eleventh Amendment 'bar[s] all private suits against non-consenting States in federal court,' with the goal of protecting 'the States' solvency and dignity.'" Allen v. N.J. State Police, 974 F.3d 497, 504 (3d Cir. 2020) (citations omitted).

Both Plaintiff (MtD Resp. 10) and Defendants (MtD 4) agree that Plaintiff's claims against the Commonwealth are barred by the Eleventh Amendment, and Plaintiff has requested to withdraw these claims. Accordingly, the Court will dismiss all claims against the Commonwealth.

#### b.   Claims Against Commissioner Evanchick

Under the doctrine first established in Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), a municipality and municipal officials can be held liable for unconstitutional conduct by municipal employees "when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." Mulholland v. Gov't Cty. of Berks, 706 F.3d 227, 237 (3d Cir. 2013) (quoting Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir.1996)).

Plaintiff asserts that his claims against Commissioner Evanchick are brought pursuant to the Monell doctrine. (MtD Resp. 7–10.) As an initial matter, it is an unsettled question in the

3

Third Circuit whether a state official, as distinct from a municipal official, who is sued in their individual capacity can be held liable on a Monell theory.  See Diaz v. Rucker, No. CV 16-0205, 2016 WL 8735711, at *5 n.7 (E.D. Pa. July 29, 2016) (Quiñones Alejandro, J.).

Assuming, arguendo, that a state official can be held liable on a Monell theory, Plaintiff has nonetheless failed to state a Monell claim.  Plaintiff's allegations regarding Commissioner Evanchick are vague, conclusory, and amount to a boilerplate recitation of the elements of a Monell claim.  "[S]imply paraphrase[ing]" the elements of a Monell claim "fails to satisfy the 'rigorous standards of culpability and causation' required to state a claim for municipal liability." Wood v. Williams, 568 F. App'x 100, 104 (3d Cir. 2014) (non-precedential) (quoting McTernan v. City of York, 564 F.3d 636, 658–59 (3d Cir. 2009)).  Detailed facts as to the alleged policy, practice, or custom must be stated.  The Court will therefore dismiss all claims against Commissioner Evanchick, without prejudice.

### c. State Law Claim Against Trooper Tustin

Pennsylvania law provides that "officials and employees acting within the scope of their duties . . . remain immune from suit except as the General Assembly shall specifically waive the immunity."  1 Pa. C.S. § 2310; see also Moss v. Pennsylvania, 838 F. App'x 702, 707 (3d Cir. 2020) (non-precedential) (discussing how "[u]nder that provision, the Commonwealth and its officials and employees acting within the scope of their duties are immune from lawsuits except in specified situations").

Both Plaintiff (MtD Resp. 10–12) and Defendants (MtD 8) agree that, because Trooper Tustin was acting within the scope of his duties, Plaintiff's claim for intentional infliction of emotional distress is barred.  Plaintiff has requested to withdraw the claim.  The Court will dismiss this claim, without prejudice.

**IV.     Conclusion**

For the foregoing reasons, the Court will dismiss with prejudice all claims against the Commonwealth.  The Court will dismiss without prejudice and with leave to amend all claims against Commissioner Evanchick and the claim against Trooper Tustin for intentional infliction of emotional distress.  An appropriate Order follows.

O:\CIVIL 20\20-2493 Quinn-Winne v Commw of PA\20cv2493 Memorandum re MtD.docx