# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BYRON QUINN WINNE | : |
|     Plaintiff | : |
| | : CIVIL ACTION |
| v. | : 1:20-cv-0002493- MMB |
| | : |
| PENNSYLVANIA STATE TROOPER | : |
| CHRISTOPHER F. TUSTIN, | : |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR NEW TRIAL

The within Memorandum of Law in Support of New Motion for New Trial, pursuant to Federal Rule of Civil Procedure Rule 59, on behalf of the Plaintiff, Byron Quinn Winne, by and through his attorney, Earl Raynor, Esquire, hereby represents the following:

### I. STATEMENT OF THE CASE

The within memorandum of law, hereby incorporates paragraphs one (1) through ten (10) of the foregoing Motion for New Trial and/or Arrest of Judgment.

**Factual Circumstances**

Sometime on May 28, 2018, the Plaintiff, Byron Quinn Winne, was traveling southbound on I-95 in Delaware County, Pennsylvania when he was subjected to a traffic stop by Defendant, Pennsylvania State Trooper, Christopher F. Tustin.

Trooper Tustin asked Plaintiff for his driver's license, car registration and car insurance, which he provided. Trooper Tustin then ordered Plaintiff out of the vehicle and patted him down, which yielded negative results. Trooper Tustin then called for a backup K-9 unit which proceeded to search Plaintiff's vehicle.

Prior to the arrival of the K-9 unit, Trooper Tustin subjected Defendant to a series of field sobriety tests, including the horizontal gaze nystagmus, walk and turn, and one-leg stand, all of which were caught on the Trooper's car video camera.

Plaintiff appeared completely sober on the video and Trooper Tustin admitted under cross examination that Plaintiff did not show signs consistent with intoxication, including blood shot eyes, slurred speech, poor balance, a strong odor of alcohol, marijuana or any other narcotic.

Nevertheless, Trooper Tustin made bizarre accusations during the stop, which he repeated at trial, including that he suspected that Plaintiff was coming from a heroin addict or other abuser of drugs, coming from the heroin/fentanyl hot zone of the Kensington section of North Philadelphia, colloquially known as the "badlands."

Although Plaintiff appeared to perform the field sobriety tests adequately, did not appear to be sober in the video, and Plaintiff registered a zero reading after blowing into a breathalyzer, Trooper Tustin, nevertheless, arrested Plaintiff and drove him to Riddle Memorial Hospital in Media, Pennsylvania, where Plaintiff consented to a blood test, which yielded negative results for alcohol or narcotics.

The K-9 vehicle search, which was performed after Plaintiff was arrested and transported to the hospital, yielded negative results for narcotics, firearms or some other contraband.

Incredibly at trial, Trooper Tustin, admitted that he did not have probable

cause when he arrested Plaintiff, but only had a mere suspicion that he was under the influence of drugs.

## II. STATEMENT OF QUESTION PRESENTED

1. Whether Plaintiff is entitled to a new trial because the jury abused its discretion in denying Plaintiff punitive damages, where Defendant Tustin demonstrated reckless indifference to Plaintiff's constitutional rights in knowingly arresting him without probable cause?

## III. STANDARD OF REVIEW

Rule 59 provides that a court may grant a new trial to any party on all or part of the issues in an action in which there has been a trial by jury. Under this rule, a court, in the existence of discretion, may grant a new trial if, **inter alia,** the jury's verdict was against the weight of the evidence, or if substantial errors occurred in the admission or exclusion of evidence or in the charge of the jury. **See Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940)**. The standard to be applied by the court varies according to the grounds for which relief is sought under Rule 59. **See Henry v. Hess Oil Virgin Islands Corp., 163 F.R.D. 237, 242 (D.V.I. 1995)**. Accordingly, when a motion for a new trial is premised on a ground other than that the verdict was against the weight of the evidence, the trial court has much greater discretion. **Id.**

## IV. ARGUMENT

**1. PLAINTIFF IS ENTITLED TO A NEW TRIAL BECAUSE THE JURY ABUSED ITS DISCRETION IN DENYING PLAINTIFF PUNITIVE DAMAGES, WHERE DEFENDANT TUSTIN DEMONSTRATED RECKLESS INDIFFERENCE TO PLAINTIFF'S CONSTITUTIONAL RIGHTS IN KNOWINGLY ARRESTING HIM WITHOUT PROBABLE CAUSE.**

In Pennsylvania, punitive damages are "an extreme remedy' available in only the most exceptional matters. **Phillips v. Cricket Lighters, 883 A.2d 439, 445 (Pa. 2005) (quoting Martin v. Johns-Mansville Corp., 508 Pa. 154, 171-73 (1985).**

To state a claim for punitive damages under Pennsylvania law, a plaintiff must "establish[] that the defendant acted in an outrageous fashion due to either the defendant's evil motive or his reckless indifference to the rights of others." **Phillips, 883 A.2d at 445 (Pa. 2005)**.

Claims of unlawful arrest require a plaintiff to show that he was arrested without probable cause. **Groman v. Twp. of Manalapan, 47 F.3d 628, 634-35 (3d Cir. 1995); see also Berg v. County of Allegheny, 219 F.3d 261, 268-269 (3d Cir. 2000)**. Probable cause to arrest requires "proof of facts and circumstances that would convince a reasonable, honest" officer that the person arrested has committed a crime. **Lippay v. Christos, 996 F.2d 1490, 1502 (3d Cir. 1993); see United States v. Myers, 308 F.3d 251, 255 (3d Cir. 2002)**. Thus, the issue is not whether an individual actually committed the crimes for which he was arrested, but whether the police had probable cause to believe that the individual

committed those crimes at the time of his arrest.  **Groman, 47 F.3d at 634;see also Baker v. McCollan, 443 U.S. 137, 145 (1979).**

The test for an arrest without probable cause is an objective one, based on "the facts available to the officers at the moment at arrest." **Barna, 42 F.3d at 819 (quoting Beck v. Ohio, 379 U.S. 89, 96 (1964);Edwards v. Philadelphia, 860 F.2d 568, 571 n.2 (3d Cir. 1988).**

Trooper Tustin testified at trial that during the vehicle stop, Plaintiff exhibited no signs of intoxication, including blood shot eyes, slurred speech, unstable balance, or smelled of the odor of alcohol, marijuana or other narcotics.  This was corroborated by his car cam video, which depicted Plaintiff in a completely sober state as he was questioned and performed field sobriety tests.

Nevertheless, Plaintiff was arrested for DUI and transported to Riddle Memorial Hospital, where he consented to a blood test which yielded negative results for alcohol and drugs.

A K-9 sniff search of Plaintiff's vehicle also was negative for narcotics or other illegal contraband.

Unquestionably, there was no probable cause, justifying Defendant Tustin's arrest of Plaintiff, which was incredibly attested to by Trooper Tustin during his testimony.  Therefore, clearly Trooper Tustin demonstrated a reckless disregard of Plaintiff's constitutional rights, when he knowingly arrested Plaintiff without probable cause.

Under  **Phillips** and **Martin**  the jury's denial of punitive damages, despite the

recklessness displayed by Defendant Tustin in disregarding Plaintiff's constitutional rights was an egregious abuse of discretion.

Accordingly, for the foregoing reasons, Plaintiff should be granted to a New Trial, where the jury abused its discretion in denying Plaintiff punitive damages, despite Defendant Tustin's blatant disregard of Plaintiff's constitutional rights.

## V. <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, the within Motion for New Trial is hereby Granted.

Respectfully submitted:

 /s/ Earl Raynor
Earl Raynor, Esquire
 PA Supreme Court I.D. No. 66849
1800 JFK Boulevard
Third Floor, Box 103
Philadelphia, PA 19103
(215)254-0299
earlraynor@yahoo.com