# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BYRON QUINN WINNE | : |
|     Plaintiff | : |
| | : CIVIL ACTION |
| v. | : 1:20-cv-0002493- MMB |
| | : |
| PENNSYLVANIA STATE TROOPER | : |
| CHRISTOPHER F. TUSTIN, | : |

## MEMORANDUM OF LAW IN SUPPPORT OF MOTION FOR ATTORNEY FEES

The within Memorandum of Law in Support of Motion for Attorney Fees, pursuant to 42 U.S.C. Section 1988, on behalf of the Plaintiff, Byron Quinn Winne, by and through his attorney, Earl Raynor, Esquire, hereby represents the following:

### I. STATEMENT OF THE CASE

The within Memorandum of Law in Support of Motion for Attorney Fees, incorporates paragraphs one (1) through nine (9) of the foregoing Motion for Attorney Fees, as though set forth more fully in length here.

### II. STANDARD FOR REVIEW

The Third Circuit set forth the appropriate standard for determining attorney's fees in **Lindy Brothers Builders, Inc. of Philadelphia v. American Radiator and Standard Sanitary Corp., 487 F.2d 161 (3d Cir. 1973) (Lindy I),** and **Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator and Standard Sanitary Corp., 540 F>2d 102 (3d Cir. 1976) (en banc) (Lindy II).** In order to determine an appropriate attorney fee, courts calculate a "lodestar" amount by multiplying a reasonable hourly rate by the number of hours reasonably expended on successful

claims. **Lindy I, 487 f.2D AT 167-68.** When a party does not prevail on all claims, the fee is based on the hours reasonably expended on successful claims. **Hensley v. Eckerhart. 461 U.S. 424, 435 (1983)**. The applicant has the burden of showing that the claimed rates and number of hours are reasonable. **Delaware Valley Citizens' Council, 478 U.S. 546, 564 (3d Cir. 1993)**.

The party seeking attorneys' fees has the burden of producing "evidence supporting the hours worked and the rates claimed." **Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).** The burden then shifts to the opposing party to challenge, by affidavit or brief with sufficient specificity to give appellants notice, the reasonableness of the requested fee. **Id.** Once the adverse party raises objections to the fee request, the court possess considerable discretion to adjust the award in light of those objections. **Id.** Indeed, courts have "a positive and affirmative function in the fee fixing process, not merely a passive role.' **Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 178 (3d Cir. 2001)**.

### III. ARGUMENT

1. **PLAINTIFF SHOULD BE AWARDED ATTONREY FEES, WHERE HE IS THE PREVAILING PARTY, BASED ON THE HOURS WORKED BY THE UNDERSIGNED ATTORNEY, AND THE PREVAILING RATE SET BY COMMUNITY LEGAL SERVICES.**

As the prevailing party, Plaintiff is entitled to reasonable attorney fees.

This Court routinely looks to the Community Legal Service Attorney Fee schedules for guidance in setting attorney' fees in comparable cases. **See Navarro**

v. Monarch Recovery Management, Inc.,** No. CIV.A. 13-3594, 2014 WL 2805244, at *4 (E.D. Pa. June 20, 2014)**.

The undersigned counsel has been a licensed practicing attorney in Pennsylvania since 12/17/1992, more than 30 years. Under the CLS schedule, attorneys with more than 25 years or more of experience are paid a fee range of $735 to $850 per hour. **(Community of Legal Services Attorney Fee Scheduled, attached hereto and marked "Exhibit A")**.

Given that the undersigned counsel has more than five years above the minimum age for this fee range, this motion for attorney fees seeks payment at a rate of $800 per hour. In representing Plaintiff, the undersigned counsel has conservatively worked a total of 52 hours, not including routine client consultation and case review, for a total fee of $41, 160.00. **(Claim for Services and Attorney Fees attached hereto and marked "Exhibit B")**.

Accordingly, for the foregoing reasons, Plaintiff seeks reasonable attorney fees of $41,160.00.

## IV. <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, the within Motion for Attorney Fees should be Granted.

Respectfully submitted:

/s/ Earl Raynor
Earl Raynor, Esquire
PA Supreme Court I.D. No. 66849
1800 J.F.K. Boulevard
Third Floor
Box 103
Philadelphia, Pennsylvania 19103
(215)254-0299
earlraynor@yahoo.com
*Counsel for Plaintiff*
*Byron Quinn Winn*